WRIGHT, Presiding Judge.
This controversy arose out of the following facts: Plaintiff was appointed administrator of his son’s, Excel Pugh’s, estate on December 2, 1974. At the time of his death, Excel Pugh owed Alabama National a debt which was insured by a credit life policy. The insurance proceeds exceed the balance owed on the debt by $2,501. On February 10, 1975, after receiving notice of death and inquiry as to the benefits of the policy, Alabama National issued a check for $2,501 payable to “The Estate of Excel Pugh,” and sent the check to an address in Winfield, Alabama, indicated in the file as that of the deceased. The check came into the possession of Ruby Pugh, a former wife of Excel Pugh who had been divorced from Pugh prior to his death. The check was *352 presented at First Federal Savings & Loan of Hamilton (FFS&L) in Winfield by Ruby Pugh, and endorsed “The Estate of Excel Pugh.” A savings account was opened in the name of Douglas Wayne Pugh or Ruby Pugh equal to the amount of the check by FFS&L. Douglas Wayne Pugh was a minor child of the deceased. FFS&L endorsed the check “All Prior Endorsements Guaranteed,” and deposited it in the Winfield State Bank from whence it was forwarded through commercial channels to Alabama National for payment on February 14, 1975. Plaintiff learned of the existence of the credit life policy on October 26, 1977, and called upon Alabama National for payment of the proceeds. Alabama National did not receive a copy of letters of administration on the estate of Excel Pugh until October 31, 1977. It immediately called upon the Winfield bank and FFS&L for payment. They refused. Plaintiff filed suit against Alabama National and FFS&L. Alabama National filed cross-claim against FFS&L. The trial court found in favor of plaintiff in the amount of $2,501 against defendants, and against FFS&L for $2,501 in favor of Alabama National on its cross-claim. FFS&L filed an appeal. Alabama National moved to dismiss the appeal on the ground of lack of notice under Rule 3(d)2, ARAP. If the motion is to be denied, Alabama National seeks to cross appeal for failure of trial court to award it attorney fees. Plaintiff in brief also claims error in failure to grant it interest in the judgment.
Plaintiff did not appeal the trial court’s judgment. He has no right here to complain of error. The motion of Alabama National to dismiss the appeal is denied. Failure to properly serve copies of notice of appeal as directed by Rule 3(d), ARAP is not jurisdictional. (Rule 2, ARAP. Commentary to Rule 3.) The motion to dismiss fails to sufficiently support its allegation of lack of service of notice. Neither may an appeal be prosecuted as an alternative to a favorable ruling on a motion to dismiss. Alabama National’s right to appeal was not derivative from that of FFS&L. It had its own appeal of right under Rule 3 if it desired to do so. It failed to comply with that rule. We do not decide whether Alabama National had sufficiently saved error by failing to file a post-trial motion under Rule 59, ARCP.
The primary issue is whether judgment in favor of Alabama National and against FFS&L as the guaranteeing endorser of the check was erroneous. We hold that it was not.
The cross-claim of Alabama National claimed right of recovery under either § 7-3-417 or § 7-4-207, Code of Alabama (1975). FFS&L contended in defense that Alabama National should not recover because of its negligence in drawing the check to “The Estate of Excel Pugh,” and by mailing it thereafter to an address other than that of the administrator. The evidence fails to support the charge of negligence as provided by § 7-3-406, Code of Alabama (1975). To the contrary, there was substantial evidence to the effect that Alabama National followed accepted banking practice in its actions. We wrote to such a charge of negligence filed as a defense against the suit of the payor bank in the case of East Gadsden Bank v. First City-National Bank of Gadsden, 50 Ala.App. 576, 580, 281 So.2d 431, 435 (1973). We said “such defense would only be available if the collecting bank had paid the check in accordance with reasonable commercial standards.” The evidence is clear that FFS&L accepted an endorsement of one not legally the payee without requiring proof of identity, and then guaranteed all prior endorsements when forwarding the check for collection. Such an acceptance was stated to be contrary to reasonable banking standards.
FFS&L further presents as a defense failure of Notice of Dishonor under § 7-3-501(2). That defense too must fail. Section 7-3-416(5) provides that “[w]hen words of guaranty are used . . . notice of dishonor . . are not necessary to charge the user.” It is further to be noted that § 7-3-511(1) provides that “notice of dishonor is excused when the party is without notice that it is due or when the *353 delay is caused by circumstances beyond his control and he exercises reasonable diligence after the cause of the delay ceases to operate.” The evidence was that Alabama National gave notice of dishonor promptly upon learning of the forged endorsement. We pointed out the duties of the collecting bank and of the payor bank in accepting endorsements of check in the case of Birmingham Trust National Bank v. Central Bank & Trust Co., 49 Ala.App. 630, 275 So.2d 148 (1973).
FFS&L also contends that the provisions of § 7 — 4-207 as to warranties of customer and collecting bank when presenting or transferring items for payment do not apply to it, because it is not a collecting bank. We pretermit deciding the correctness of that contention because Alabama National is not limited in this case to recovery upon the statutory warranties of § 7-4-207, but is entitled to recover under the express contract of guarantee of endorsement given by FFS&L. § 7-3 — 416, Code of Alabama (1975). However, were it necessary to affirming the judgment in this case, we would consider whether FFS&L, by accepting the endorsement of the check, crediting its amount as a deposit in an account and forwarding it through commercial banking channels for collection, was acting in the capacity of a collecting bank or at least a customer as defined by § 7-4-104(l)(e), and should be subject to the provisions of § 7-4-207.
As we affirm the judgment in favor of Alabama National and against First Federal Savings and Loan of Hamilton upon authority of § 7-3 — 416 and not upon authority of § 7-4-207, there is no power in this court to grant attorney fees. We find no statutory authority to do so in § 7-3 — 416 or that contained in § 7 — 4-207(3).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.